UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Case No. 07-CR-218-01 (RMU) |
| | : | |
| v. | : | Sentencing: February 21, 2008 |
| | : | |
| **MATTHEW C. VICTOR,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**GOVERNMENT'S SUPPLEMENTAL**
**MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following supplemental memorandum to assist the Court in issuing an appropriate sentence in this case.

1.　On December 6, 2007, the Government filed a Memorandum in Aid of Sentencing in which the former Assistant United States Attorney assigned to this case informed the Court of information that was received from Supervisory Special Agent Galen Nace of the United States Department of State, Diplomatic Security Service, Criminal Investigations Division.  The Government, through the former Assistant, informed the Court that the defendant may have embezzled "well over $100,000" and that the defendant "may have used these funds in furtherance of his scheme to falsely certify visa applications and to engage, or to attempt to engage, in inappropriate and unreported sexual relationships with numerous female foreign nationals."  Gov't Sent. Mem. at 2-3.  The Government also requested that the defendant be ordered to pay restitution for the entire amount that it is determined the defendant embezzled during his employment as a Consular Officer.  Id. at 3-4.

2.　The Government has since learned through further investigation by the

Department of State that the amount of funds potentially at issue is $24,000, rather than "well over $100,000," and that there is no indication that any alleged embezzlement was committed with the attempt to engage in inappropriate sexual relationships or in furtherance of a scheme to falsely certify visa applications. Therefore, the Government is not requesting restitution for the $24,000, or consideration of that conduct by the Court at sentencing.[1]

       3.       In the plea agreement entered into with the defendant, the parties agreed that a sentence within the applicable Guidelines Range would constitute a reasonable sentence in light of all the factors set forth in Title 18, United States Code, Section 3553(a), and that nothing in the agreement limits the right of the parties to make any arguments regarding where within the Sentencing Guidelines range the defendant should be sentenced. See Plea Agreement at ¶ 7. Based upon a total offense level of 4, and the defendant's criminal history category of I, the guideline range in this case is 0 to 6 months.

       4.       Based on the circumstances of this case, the Government is still requesting a period of incarceration. While the Government acknowledges that the defendant has no prior criminal record, that fact should not override all else as it is his lack of a criminal record that allowed him to hold a position of trust in our government, and he willingly violated that trust. As a Consular Officer in the Embassy of the United States in Berlin, Germany, and in a post-911 world, the defendant had the critical responsibility for ensuring that only those individuals who were lawfully eligible to enter our country were given visas, but yet he knowingly and willfully certified falsely to the visa application of Ewa Zapedowska, a female Polish national. The

---

[1] The Department of State has not yet presented its findings to any United States Attorney's Office for consideration, although it is planning on doing so.

Government has no indication that Ms. Zapedowska is/was a threat to our country, but the defendant had no way of knowing that when he falsely certified to her visa application. The individuals abroad, like the defendant, who review and approve visa applications are this country's first line of defense, and when even one person violates that position of trust, it is a serious offense. Thus, considering the factors of 18 U.S.C. § 3553, including the nature, circumstances and seriousness of the offense and the position of trust held by the offender, and the need for adequate deterrence so that similarly-situated individuals think twice before engaging in this conduct, the Government believes that a sentence of incarceration is appropriate.

          Respectfully submitted,

          JEFFREY A. TAYLOR
          UNITED STATES ATTORNEY
          D.C. BAR NO. 498-610

By:     /s/
          JEAN W. SEXTON
          ASSISTANT UNITED STATES ATTORNEY
          NJ BAR 02122-1995
          FELONY MAJOR CRIMES SECTION
          (202) 305-1419
          Jean.Sexton@usdoj.gov